IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 7:19-CV-65-BO

| | | |
|---|---|---|
| REBECCA MUSE HUNT, *et al.,* | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION TO SEAL** |
| THE CITY OF LUMBERTON, DANIEL | ) | **EXHIBITS FROM SBI FILE** |
| MAURICE SMITH AND MICHAEL MCNEILL | ) | |
| | ) | |

NOW COME Defendants, by and through their undersigned counsel pursuant to Local Rules 7.1, 7.2, and 79.2, and hereby submit this Memorandum in support of their Motion to Seal. For the reasons stated herein, Defendants respectfully request that the Motion to Seal be GRANTED.

## STATEMENT OF THE CASE AND RELEVANT FACTS

1.     This case involves plaintiff's claims of alleged excessive force by defendant Officer Daniel Smith, a police officer employed with the City of Lumberton. Plaintiff originally filed this action on February 8, 2019. (DE 1-5).

2.     On March 29, 2019, Defendants timely removed the matter to this Court, (DE 1), and filed an Answer on May 6, 2019. (DE 14).

3.     The incident was investigated by the North Carolina State Bureau of Investigation. During the course of this civil action, the parties sought the disclosure of the contents of the SBI file pertaining to the incident.

4.     On October 22, 2019, the parties filed a Joint Motion for Entry of Consent Protective Order [DE 21]. On October 24, 2019, the Consent Protective Order was approved by the Court. [DE 22.]

5.     Pursuant to the Consent Protective Order at DE 22, defendants understood that the contents of the SBI file, if filed with the Court, were required to be filed under seal. For this reason, defendants did, in fact, file said materials as proposed sealed documents, and are requesting to seal the materials.

5.      The proposed sealed exhibits referenced in support of defendants' motion for summary judgment are personnel and/or criminal investigative materials, including a flash drive with video and audio of the incident.

6.      It is defendants' intention at this time to comply with DE 22 and therefore request that the exhibits from the SBI file be sealed. Counsel for plaintiff consents to the sealing of the materials.

## ARGUMENT

Pursuant to Local Rule 79.2, this Court has express authority to seal materials contained in the record. In support of its Motion to Seal, Defendants must demonstrate "the necessity and propriety" of sealing the document at issue, and the Court, in its discretion, may seal such document if deemed appropriate. *Hall v. United Air Lines, Inc.*, 296 F. Supp.2d 652, 680 (E.D.N.C. 2003).

Under North Carolina law, "records of criminal investigations conducted by public law enforcement agencies, records of criminal intelligence information compiled by public law enforcement agencies, and records of investigations conducted by the North Carolina Innocence Inquiry Commission, are not public records as defined by G.S. 132-1." N.C. Gen. Stat. § 132-1.4(a). As such, the Lumberton Police Department's recordings are not public records.

The proposed sealed exhibits:

Exhibit A-1, Call Record
Exhibit A-2, Officer Smith's Statement
Exhibit B-1, Ms. Hunt's criminal history
Exhibit B-2, Bladenboro Police Report, 11-3-2016
Exhibit B-3, Incident/Investigation Report from incident
Exhibit B-4, Inventory of items seized from vehicle
Exhibit E:  SBI crime scene report (LPD168-175)
Exhibit F:  Lumberton's Use of Force Policy (LPD3660-3671)
Exhibit G:  Robeson County District Attorney's letter dated 7-27-27 (LPD3767-3769)
Exhibit H:  Officer's Smith training certifications (LPD289-292)
Exhibit I:  Officer Smith's Statement to SBI (LPD240-243)
Exhibit J:  Flash drive containing:
            (1) Surveillance video from Dollar General
            (2) audio file from incident
            (3) animated video prepared by Visual Evidence

The above are being filed in support of Defendants' Motion for Summary Judgment.  These exhibits are all part of the SBI investigative report and also include recordings taken at the time of the incident in question,

and therefore constitute records of criminal investigations as defined by N.C. Gen. Stat. 132-1.4(b)(1). N.C. Gen. Stat. 132-1.4(b)(1) defines "records of criminal investigation" as "all records or any information that pertains to a person or group of persons that is compiled by public law enforcement agencies for the purpose of attempting to prevent or solve violations of the law, including information derived from witnesses, laboratory tests, surveillance, investigators, confidential informants, photographs, and measurements." *Id.*

The above referenced exhibits were prepared in conjunction with the law enforcement investigation related to the shooting at issue in this lawsuit. It is critical that law enforcement be provided the ability to keep records prepared and collected as part of a criminal investigation confidential to the public. Otherwise, their investigations would be jeopardized.

The public may have a First Amendment right of access to particular exhibits submitted in conjunction with a summary judgment motion. *See, e.g ., Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 578 (4th Cir. 2004) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). However, even where there is a right of access under the First Amendment, a party may seek to restrict access to these documents where there is a compelling governmental interest. *Id.* "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.* at 575 (citing *Press–Enter Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by a conclusory assertion.")

Here, Defendants seek to seal these criminal investigative records that the City of Lumberton has marked confidential and are not public records by North Carolina statutory law. Courts have routinely held that sealing documents for the preservation of law enforcement concerns satisfies the court's requirements to allow a motion to seal. *See Etape v. Napolitano*, 664 F.Supp.2d 498, 505 (D.Md. 2009) (granting a motion to seal documents, inter alia, for law enforcement concerns); *Richardson v. Bostick,* No. 5:11-CT-3045-FL, 2013 WL 3166398, at *2 (E.D.N.C. 2013) (motion to seal SBI records filed in support of motion for summary judgment in Section 1983 case allowed due to significant concern for law enforcement).

There are no adequate alternatives to sealing the videos, audio and investigative materials. The proposed sealed exhibits to the Appendix to the Statement of Material Facts constitute criminal investigation records under the North Carolina statute. It would not be practical or adequate to redact certain portions of these recordings and materials as they contain information that must be reviewed collectively and seen in context.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Defendants' Motion to Seal be GRANTED.

This the 2nd day of March, 2020.

BY:     /s/ James C. Thornton
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100

David J. MacMain
MacMain Connell & Leinhauser
433 W. Market Street, Suite 200
West Chester, PA 19382
Telephone: 484-318-7703
E-mail: Dmacmain@macmainlaw.com
PA Bar. No. 59320

*Attorneys for The City of Lumberton, Daniel Maurice Smith and Michael McNeill*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the *Memorandum in Support of Defendants' Motion to Seal* was filed via CM/ECF, which automatically served counsel of record as set out below:

> J. Stewart Butler, III
> Anderson, Johnson, Lawrence & Butler, LLP
> PO Box 53945
> Fayetteville, NC  28305
> Email: jsbutler@andersonjohnson.com

This the 2nd day of March, 2020.

CRANFILL SUMNER & HARTZOG LLP

BY:    <u>/s/ James C. Thornton</u>
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail:  jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants*